# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>*(Changes Identified with Asterisks (\*))* |
| v. | Case Number:  05-cr-00307-WDM-01 |
| | USM Number:  33615-013 |
| RENEE MARIE GONZALES | Paul H. Stevens, Retained<br>(Defendant's Attorney) |

**Date of Original Judgment:**  January 19, 2006

**Reason for Amendment:**   Modification of Restitution Order (18 U.S.C. § 3664).

**THE DEFENDANT:**  Pleaded guilty to Count 32 of the Indictment.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 666 and 2 | Theft Concerning Programs Receiving Federal Funds and Aiding and Abetting | 12/10/03 | 32 |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   The remaining counts of the Indictment are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

   It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

January 19, 2006
Date of Imposition of Judgment

s/ Walker D. Miller
Signature of Judge

Walker D. Miller, U.S. District Judge
Name & Title of Judge

August 8, 2006
Date

DEFENDANT: RENEE MARIE GONZALES  
CASE NUMBER: 05-cr-00307-WDM-01                                                    Judgment-Page 2 of 6

## PROBATION

The defendant is hereby placed on probation for a term of five (5) years.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The drug testing condition required by 18 U.S.C. § 3563(a)(5) is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page. (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until she is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

2) The defendant shall be placed on home detention for a period of six (6) months, to commence withing 21 days of sentencing.  During this period, she shall remain at her place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer.  This period of home detention shall be enforced by electronic monitoring.  To permit this monitoring, the defendant shall maintain a telephone at her place of residence without any special services, modems, answering machines, or cordless telephones.  She shall wear electronic monitoring devices and follow all other procedures specified by the probation officer.  The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

3) The defendant shall perform 350 hours of community service as directed by the probation officer.  Such community service shall be in an area that benefits the elderly, the infirm, or the indigent in Fort Lupton, Colorado, or in the communities south of Greeley, Colorado.  Community service shall be completed within two years of sentencing.

4) The defendant shall maintain employment to pay restitution.

DEFENDANT:  RENEE MARIE GONZALES
CASE NUMBER:  05-cr-00307-WDM-01                                        Judgment-Page 4 of 6

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 32 | $100.00 | $0.00 | $212,095.00 |
| **TOTALS** | $100.00 | $0.00 | $212,095.00 |

The defendant must make restitution to be paid from the registry of the court to the payee(s) listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Fort Lupton Housing Authority<br>400 2nd Street<br>Fort Lupton, Colorado  80621<br>Attn: Lisa E. Scranton, Executive Director<br>Re:  Restitution from Renee Marie Gonzales | $162,095.00 | $162,095.00 | |
| *Western Surety Company<br>P.O. Box 5077<br>Sioux Falls, South Dakota 57117-5077<br>Attn: Kenneth Randall<br>Re: Restitution for Renee Marie Gonzales<br>Commercial Blanket Bond No. 14274191 | $50,000.00 | $50,000.00 | |
| **TOTALS** | $212,095.00 | $212,095.00 | |

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment fee is due in full immediately.  Restitution shall be paid in monthly installments of not less than $500 during the term of probation.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal.

DEFENDANT:  RENEE MARIE GONZALES
CASE NUMBER:  05-cr-00307-WDM-01                                                          Judgment-Page 6 of 6

## STATEMENT OF REASONS

**The court adopts the presentence report with its recommended application of the United States Sentencing Commission Guidelines (Guidelines) except as modified at sentencing and in this Statement:**

    The United States Supreme Court ruling in United States v. Booker and United States v. Fanfan, makes the Guidelines advisory.  The court has considered them with the sentencing factors set forth in 18 U.S.C. § 3553(a) when determining the sentence.

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

    Total Offense Level:  17

    Criminal History Category:  I

    Imprisonment Range:  24 to 30 months

    Supervised Release Range:  2 to 3 years

    Fine Range:  $5,000  to  $50,000

    The fine is waived because of the defendant's inability to pay.

**RESTITUTION DETERMINATIONS**

    Total Amount of Restitution:  $212,095.00

    Pursuant to the provisions of 18 U.S.C. § 3553(a), the Court finds that a non-guideline sentence of 5 years probation is warranted.  The defendant committed the offense during a relatively short period of time after the death of her son.  Previously, she had worked for the Fort Lupton Housing Authority for 17 years and was a trusted employee.  Given these circumstances, she is unlikely to commit further crimes, and is in need of both psychological and medical treatment.  A sentence of probation with restitution obligations and community service will allow the defendant to give back to the community from which she stole.

    The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.") No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.